# The Supreme Court of South Carolina

The State, Respondent,

v.

Alice Bellardino, Petitioner.

Appellate Case No. 2018-001872

_____

## ORDER

_____

The Court granted Petitioner's request to hear this declaratory judgment matter in our original jurisdiction and held summary courts have the inherent authority to order competency evaluations to protect defendants' due process rights. The State has filed a petition for rehearing, and the Department of Mental Health and the Department of Disabilities and Special Needs have filed a motion to intervene or, in the alternative, a motion to file an amicus curiae brief. We deny the motion to intervene and the motion to file an amicus curiae brief, deny the petition for rehearing, withdraw the prior opinion, and substitute the attached opinion.

| | |
|---|---|
| s/ Donald W. Beatty | C.J. |
| s/ John W. Kittredge | J. |
| s/ Kaye G. Hearn | J. |
| s/ John Cannon Few | J. |
| s/ George C. James, Jr. | J. |

Columbia, South Carolina
April 8, 2020

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Alice Bellardino, Petitioner.

Appellate Case No. 2018-001872

---

## ORIGINAL JURISDICTION

---

Opinion No. 27924
Submitted October 4, 2019 – Filed October 23, 2019

Re-Filed April 8, 2020

---

## JUDGMENT DECLARED

---

Elizabeth Fielding Pringle, Kieley Marie Sutton, and
Constantine George Pournaras, of Columbia, for
Petitioner.

Attorney General Attorney General Alan McCrory
Wilson and Deputy Attorney General Donald J. Zelenka,
of Columbia; and Dana M. Thye, of Columbia, for
Respondent.

---

**PER CURIAM:**   We granted Petitioner's request to hear this declaratory judgment action in our original jurisdiction.  Petitioner asks us to declare section 44-23-410 of the South Carolina Code (2018) unconstitutional because it precludes summary courts from ordering competency evaluations when there is a question of a defendant's competence to stand trial.  Because we hold section 44-23-410 does not preclude summary courts from ordering competency evaluations, we decline to hold section 44-23-410 unconstitutional.

## FACTS

Petitioner was charged with disorderly conduct, and the case was called for trial in the City of Columbia municipal court.  At trial, Petitioner's attorney moved for a competency evaluation.  Following a hearing on the issue, the municipal court found there was reason to believe Petitioner lacked the capacity to understand the proceedings against her or to assist in her own defense as a result of a lack of mental capacity.  Although the court found Petitioner was entitled to a competency evaluation, the court held it did not have the authority to order a competency evaluation because the language of section 44-23-410 (2018) limits the authority to order evaluations to circuit courts and family courts.  Accordingly, the court denied the motion for a competency evaluation and stayed all proceedings in Petitioner's case.[1]

## LAW

"A person who is: (1) found [in public] in a grossly intoxicated condition or otherwise conducts himself in a disorderly or boisterous manner . . . is guilty of a misdemeanor" entitled "public disorderly conduct."  S.C. Code Ann. § 16-17-530(A) (Supp. 2019).  Subsection 16-17-530(A) provides that "upon conviction," the defendant "must be fined not more than one hundred dollars or be imprisoned for not more than thirty days."  Summary courts[2] "shall have exclusive jurisdiction

---

[1] Petitioner's request to the circuit court to order an evaluation was denied because the case was not before that court.

[2] The term "summary court" is poorly defined in our code of laws.  According to subsection 16-3-1510(6) of the South Carolina Code (2015), "'Summary court' means magistrate or municipal court."  That is a precise definition, but technically, the definition applies only to title 16, chapter 3, article 15.  § 16-3-1510.  Historically, "summary court" was a descriptive term used to distinguish a

of all criminal cases in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days." S.C. Code Ann. § 22-3-540 (2007).[3] Therefore, a defendant charged with disorderly conduct may not be tried in circuit court, but must be tried in the exclusive jurisdiction of the summary court.

However, a person who lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing a defense may not be subjected to a trial. *Drope v. Missouri*, 420 U.S. 162, 171 (1975). This prohibition is "fundamental to an adversary system of justice." *Id*. at 172. The conviction of an accused person who is legally incompetent violates due process, and state procedures must be adequate to protect this right. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). Therefore, a summary court must have the power to order that an expert evaluate a defendant the court suspects lacks competency, to determine whether the court's suspicion is valid. Otherwise, due process prevents the court from proceeding to trial.

Section 44-23-410(A) (2018) provides, in part:

> Whenever a judge of the circuit court or family court has reason to believe that a person on trial before him, charged with the commission of a criminal offense or civil contempt, is not fit to stand trial because the person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, the judge shall: (1) order examination of

---

magistrate or municipal court from a court of record. A "court of record" must record all proceedings—word for word—for appellate review. A magistrate court, however, need only summarize what occurred for appellate review. *See* S.C. Code Ann. § 22-3-730 (2007) ("All proceedings before magistrates shall be summary or with only such delay as a fair and just examination of the case requires."). Thus, a magistrate court is by definition "summary" in some contexts, but it is by description "summary" in all contexts.

[3] Section 22-3-540 uses the term "Magistrates," but as we explained in footnote 2, the magistrate court is a summary court.

the person [by the Department of Mental Health or the Department of Disabilities and Special Needs]; or (2) order the person committed for examination and observation to an appropriate facility of the Department of Mental Health or the Department of Disabilities and Special Needs."

Nothing in section 44-23-410 references summary courts or their authority to order competency evaluations. Rather, section 44-23-410 provides procedural requirements for circuit courts and family courts ordering competency evaluations. However, there is also nothing in section 44-23-410 prohibiting a summary court from ordering an evaluation. To construe the section as prohibiting a summary court from ordering an evaluation when the court suspects the defendant is not competent would render the section unconstitutional. "We will not construe statutes to be unconstitutional when susceptible to a constitutional interpretation." *Hampton v. Haley*, 403 S.C. 395, 408, 743 S.E.2d 258, 265 (2013) (citing *Joytime Distributors & Amusement Co., Inc. v. State,* 338 S.C. 634, 640, 528 S.E.2d 647, 650 (1999)).

Because a competency determination is required by due process when the trial court suspects the defendant lacks competence, we construe section 44-23-410 to merely set forth the formal procedure to be followed in circuit and family court, and not to limit the authority of summary courts to order an evaluation. Because it is necessary to protect the due process rights of defendants, summary courts must have the inherent authority to order competency evaluations.

The question becomes who must pay for the evaluation. Pursuant to section 44-23-410, when such an evaluation is ordered by a circuit or family court, the examination must be provided or paid for by the Department of Mental Health (DMH) or the Department of Disabilities and Special Needs (DDSN). There is no such provision for an evaluation ordered by the summary court. As we have explained, summary courts have the inherent power to order an evaluation, but the courts do not have the inherent authority to order DMH or DDSN to pay for one. However, summary courts do have the authority to require *a party* to pay for the examination. *See State v. Cooper*, 342 S.C. 389, 400, 536 S.E.2d 870, 876 (2000) ("[T]he trial judge in this case has the inherent authority to require an expert examination of an indigent and direct which *party* should pay for the examination.") (emphasis added). In *Cooper*, this Court stated, "As a party to the lawsuit, the Attorney General, acting as an embodiment of the State, becomes

subject to the authority of the court.  Once the State subjects itself to the jurisdiction of the court, the court has the authority to direct the State to employ and compensate experts in order to maintain the integrity of the judicial process." 342 S.C. at 399-400, 536 S.E.2d at 876.  Thus, unless the Legislature otherwise addresses the payment for examinations ordered by summary courts, the prosecuting entity may be ordered to pay the costs of the evaluation of indigent defendants as a condition of going forward with the case.  Otherwise—as the summary court ordered here—the prosecution may not go forward.

**JUDGMENT DECLARED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**